# Supreme Court of Florida

No. SC2023-0502

**IN RE: AMENDMENTS TO FLORIDA RULES OF CRIMINAL PROCEDURE 3.030 AND 3.704.**

December 7, 2023

PER CURIAM.

The Florida Bar's Criminal Procedure Rules Committee filed a report proposing amendments to the Florida Rules of Criminal Procedure.[1] The proposed amendments were approved by the Committee and unanimously approved by The Florida Bar's Board of Govenors. Both the Committee and the Court published the proposal for comments and none were received.

Having considered the Committee's report, we hereby adopt the amendments to the Florida Rules of Criminal Procedure as proposed by the Committee. First, we amend rule 3.030 (Service and Filing of Pleadings and Documents) to add four new exceptions

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

to the requirement of subdivision (c) to deposit paper documents with the clerk.

Next, we amend the language of subdivision (d)(26) of rule 3.704 (The Criminal Punishment Code) to mirror the language in rule 3.992 (Criminal Punishment Code Scoresheet) regarding computation of the maximum sentence, with the exception of moving the citation to *State v. Gabriel*, 314 So. 3d 1243 (Fla. 2021), to a new Committee Note. The final sentence of current subdivision (d)(26) is moved to its own subdivision, number (d)(27), and the subsequent subdivisions are renumbered accordingly.

Finally, after renumbering the subdivisions, in renumbered subdivision (d)(31), we add a sentence stating that there must be a stipulation or a jury finding before the court can sentence a defendant to prison under section 775.082(10), Florida Statutes. This is consistent with our decision in *Gaymon v. State*, 288 So. 3d 1087 (Fla. 2020).

Accordingly, we amend the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by

struck-through type. The amendments to the rules shall become effective April 1, 2024, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure

Jason B. Blank, Chair, Criminal Procedure Rules Committee, Fort Lauderdale, Florida, Cynthia Cohen, Past Chair, Criminal Procedure Rules Committee, West Palm Beach, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Michael Hodges, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## RULE 3.030.   SERVICE AND FILING OF PLEADINGS AND DOCUMENTS

(a)   **Service.** Every pleading subsequent to the initial indictment or information on which a defendant is to be tried unless the court otherwise orders, and every order not entered in open court, every written motion unless it is one about which a hearing ex parte is authorized, and every written notice, demand, and similar document ~~shall~~must be served on each party in conformity with Florida Rule of General Practice and Judicial Administration 2.516. Nothing ~~herein shall be construed to require~~in these rules requires a plea of not guilty be in writing.

(b)   **Filing.** Filings of all pleadings and documents ~~shall~~must comply with Florida Rules of General Practice and Judicial Administration 2.505, 2.515, and 2.525.

(c)   **Deposit with the Clerk.** Any paper document that is a judgment and sentence or required by statute or rule to be sworn to or notarized ~~shall~~must be filed and deposited with the clerk immediately after it is filed. This requirement does not apply to the documents filed ~~pursuant to~~under rules 3.111(b)(5)(C), 3.121, 3.125, 3.133(a)(3), 3.140(g), 3.160, 3.190, 3.240, 3.692, 3.693, 3.694, 3.811, 3.840, and 3.984. This requirement also does not apply to the documents filed by attorneys ~~pursuant to~~under rules 3.600, 3.801(c), 3.850(c), or 3.853(b).

(d)   **Maintenance of Deposited Documents.** The clerk ~~shall~~must maintain deposited original paper documents in accordance with Florida Rule of General Practice and Judicial Administration 2.430, unless otherwise ordered by the court.

## RULE 3.704.   THE CRIMINAL PUNISHMENT CODE

(a) – (c) [No Change]

(d)   **General Rules and Definitions.**

(1)-(2) [No Change]

(3)    If an offender is before the court for sentencing for more than ~~one~~1 felony and the felonies were committed under more than 1 version or revision of the guidelines or Criminal Punishment Code, separate scoresheets must be prepared and used at sentencing. The sentencing court may impose such sentence concurrently or consecutively.

(4) – (6) [No Change]

(7)    "Primary offense" means the offense at conviction pending before the court for sentencing for which the total sentence points recommend a sanction that is as severe as, or more severe than, the sanction recommended for any other offense committed by the offender and pending before the court at sentencing. Only 1 count of ~~one~~1 offense before the court for sentencing ~~shall~~may be classified as the primary offense.

(8) – (25) [No Change]

(26)   The lowest permissible sentence is the minimum sentence that may be imposed by the trial court, absent a valid reason for departure. The lowest permissible sentence is any nonstate prison sanction in which the total sentence points equals or is less than 44 points, unless the court determines within its discretion that a prison sentence, which may be up to the statutory maximums for the offenses committed, is appropriate. When the total sentence points exceeds 44 points, the lowest permissible sentence in prison months must be calculated by subtracting 28 points from the total sentence points and decreasing the remaining total by 25 percent. The total sentence points must be calculated only as a means of determining the lowest permissible sentence. ~~The permissible range for sentencing must be the lowest permissible sentence up to and including the statutory maximum, as defined in section 775.082, Florida Statutes, for the primary offense and any additional offenses before the court for sentencing. The sentencing court may impose such sentences concurrently or consecutively. However, any sentence to state prison must exceed 1 year. If the lowest permissible sentence under the Code exceeds the~~

~~statutory maximum sentence as provided in section 775.082, Florida Statutes, the sentence required by the Code must be imposed.~~<u>The maximum sentence for each individual felony offense is the statutory maximum as provided in s. 775.082, Florida Statutes, unless the lowest permissible sentence exceeds the statutory maximum for that offense. If the lowest permissible sentence exceeds the statutory maximum for an individual felony offense, the lowest permissible sentence replaces the statutory maximum and must be imposed for that offense. Sentences for multiple felony offenses may be imposed concurrently or consecutively. However, any sentence to state prison must exceed 1 year.</u> If the total sentence points are greater than or equal to 363, the court may sentence the offender to life imprisonment.

<u>(27)</u> The sentence imposed must be entered on the scoresheet.

(2~~7~~<u>8</u>) For those offenses having a mandatory minimum sentence, a scoresheet must be completed and the lowest permissible sentence under the Code calculated. If the lowest permissible sentence is less than the mandatory minimum sentence, the mandatory minimum sentence takes precedence. If the lowest permissible sentence exceeds the mandatory sentence, the requirements of the Criminal Punishment Code and any mandatory minimum penalties apply. Mandatory minimum sentences must be recorded on the scoresheet.

(2~~8~~<u>9</u>) Any downward departure from the lowest permissible sentence, as calculated according to the total sentence points under section 921.0024, Florida Statutes, is prohibited unless there are circumstances or factors that reasonably justify the downward departure. Circumstances or factors that can be considered include, but are not limited to, those listed in subsection 921.0026(2), Florida Statutes.

(A) – (B) [No Change]

If a split sentence is imposed, the total sanction (incarceration and community control or probation) must not exceed the term provided

by general law or the maximum sentence under the Criminal Punishment Code.

(29 30)     If the lowest permissible sentence under the criminal punishment code is a state prison sanction but the total sentencing points do not exceed 48 points (or 54 points if 6 of those points are for a violation of probation, community control, or other community supervision that does not involve a new crime), the court may sentence the defendant to probation, community control, or community supervision with mandatory participation in a prison diversion program, as provided for in section 921.00241, Florida Statutes, if the defendant meets the requirements for that program as set forth in section 921.00241, Florida Statutes.

(30 1) If the total sentence points equal 22 or less, the court must sentence the offender to a nonstate prison sanction unless it makes written findings that a nonstate prison sanction could present a danger to the public. Unless there is a stipulation, there must be a finding by the jury that a nonstate prison sanction could present a danger to the public before the court may sentence a defendant to prison under section 775.082(10), Florida Statutes.

(31 2) Sentences imposed after revocation of probation or community control must be imposed according to the sentencing law applicable at the time of the commission of the original offense.

### Committee Note

The terms must and shall, as used in this rule, are mandatory and not permissive.

**2001 Amendment.** [No Change]

**2023 Amendment.** The Committee proposed the amendments to subdivision (d)(26) based on the Court's opinion in *State v. Gabriel*, 314 So. 3d 1243 (Fla. 2021).